**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| MARTIN CRUZ ODED, ICE #A–044-556-767, | Civil No. | 14cv1126 BAS (BGS) |
|---|---|---|
| Plaintiff, | **ORDER:** | |
| vs. | **(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* (Doc. 2); AND** | |
| W. DAY; | **(2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** | |
| Defendant. | | |

Martin Cruz Oded ("Plaintiff"), currently detained at the Otay Detention Center located in San Diego, California, has filed a civil action pursuant to *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff has not prepaid the filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. 2).

**I.  Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to

prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). A "civil detainee" on the other hand, is not a "prisoner" within the meaning of the PLRA. *Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir 2005); *Agyeman*, 296 F.3d at 886 (holding that INS detainee not also facing criminal charges is not a "prisoner" under § 1915).

Because it appears Plaintiff is currently an immigration detainee, and is not a "prisoner" as defined by 28 U.S.C. § 1915(h) when he filed this action, the filing fee provisions of 28 U.S.C. § 1915(b) do not apply to this case. *Andrews*, 398 F.3d at 1122. Therefore, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, and finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain this action. *See* S.D. CAL. CIVLR 3.2(d).

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

**II.   Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2)**

Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)

("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

It is not clear whether Plaintiff is an immigration detainee or whether he is also facing criminal charges. Regardless, Plaintiff alleges that his Eighth Amendment rights were violated when Defendant refused to provide him with a dinner meal on one occasion. *See* Compl. at 2. If Plaintiff is not a prisoner, the Eighth Amendment does not apply. However, the Ninth Circuit has held that a "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment," and therefore, "the same standards apply." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

To state a claim for cruel and unusual punishment, however, Plaintiff must allege facts sufficient to show that the conditions of his confinement subjected him to "unquestioned and serious deprivations of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991). The Eighth Amendment "does not mandate comfortable prisons," and conditions imposed may be "restrictive and even harsh." *Rhodes*, 452 U.S. at 347, 349. Adequate food is a basic human need protected by the Eighth Amendment. *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). However, prison food need not be "tasty or aesthetically pleasing," and it need only be "adequate to maintain health." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993); *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996).

Although the Ninth Circuit has never decided what exact quantity of prisoner food is necessary to pass constitutional muster, other courts have established guidelines. *See,*

*e.g., Green v. Ferrell*, 801 F.2d 765, 770-71 (5th Cir. 1986) (finding two meals a day sufficient if nutritionally and calorically adequate); *see also Sostre v. McGinnis*, 442 F.2d 178, 186, 193-94 (2d Cir. 1971) (finding diets of 2,800 to 3,300 calories per day constitutionally adequate); *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (finding one meal a day for 15 days, where the meal contained 2,000-2,500 calories and was sufficient to maintain health, constitutionally adequate).  It is clear, however, that even the complete denial of single meals on a few occasions is insufficient to support a claim of cruel and unusual punishment.  *See e.g., Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999) ("[T]hat Palmer may have missed one meal ... does not rise to the level of a cognizable constitutional injury"); *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) ("Missing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period."); *Wilkins v. Roper*, 843 F. Supp. 1327, 1328 (E.D. Mo. 1994) (denial of one meal does not give rise to constitutional violation).

Here, Plaintiff has failed to state a claim because he has failed to allege facts which show that he was denied sufficient food or nutrition necessary to maintain his health. *LeMaire*, 12 F.3d at 1456; *see also Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) (when considering Eight Amendment challenges to the conditions of confinement, court should consider amount of time the prisoner was subject to the allegedly unconstitutional condition).

Thus, Plaintiff's entire action must be dismissed for failing to state a claim.  The Court will permit Plaintiff leave to file an Amended Complaint in order to correct the deficiencies of pleading identified in the Court's Order.

### III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. 2) is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b).  However, Plaintiff is **GRANTED** forty five (45) days leave

from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

3. The Clerk of Court shall mail a court approved civil rights form to Plaintiff.

**DATED:   June 6, 2014**

**Hon. Cynthia Bashant**
**United States District Judge**